# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.　　　　　　　　　　　　　　　　　**CRIMINAL NO. 2:17-CR-28-KS-MTP**

**DERRICK COLEMAN**

## ORDER

On February 21, 2018, Defendant plead guilty to possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On May 10, 2018, the Court sentenced him to 60 months of imprisonment followed by 60 months of supervised release. On August 10, 2020, Defendant filed a Motion for Compassionate Release [51] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, although he is not due to be released from the custody of the Bureau of Prisons ("BOP") until August 8, 2022. He wants the Court to release him to home confinement. The Government opposes the motion.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

1

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious function or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C).

Defendant is currently incarcerated in the BOP facility in Pensacola, Florida.

He alleges that as of July 28, 2020, the facility had not had any positive inmate cases and only two positive staff cases of COVID-19. He argues that he is at high-risk of illness or death from COVID-19 because he is obese, has hyperlipidemia (high cholesterol), and suffers from chronic bronchitis. He also argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility. He contends that there is no way to make a correctional facility safe, and that he should be immediately released to home confinement. Finally, Defendant argues that he would not be a danger to the safety of any other person or the community if released.

First, the Court finds that Defendant has not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. Defendant's obesity, high cholesterol, and bronchitis are not "serious physical or medical condition[s] . . . that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v.*

3

*Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at *3. As this Court has stated, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Moreover, "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

The Court also finds that Defendant has not demonstrated that he would not be a danger to the safety of any other person or to the community if released. According to Defendant's presentence report [32], he engaged in substantial drug transactions with a drug trafficking organization responsible for distributing large

4

quantities of methamphetamine in Hattiesburg and Laurel, Mississippi. Investigators witnessed Defendant personally deliver a package of methamphetamine to an undercover buyer, and purchase methamphetamine from the "Dexter Jones Drug Trafficking Organization." Moreover, a house rented by Defendant was used as a stash house. The "Dexter Jones Drug Trafficking Organization" was collectively responsible for distributing at least forty pounds of methamphetamine from April 2017 to June 2017. Finally, Defendant has a criminal history of numerous misdemeanor convictions, including public drunk, false pretense, possession of marijuana, resisting arrest, and possession of marijuana in a motor vehicle.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). As noted above, "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. For all the reasons provided above, the Court **denies** Defendant's Motion for Compassionate Release [51].

SO ORDERED AND ADJUDGED this 14th day of September, 2020.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

5