IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                           CRIMINAL NO. 2:17-CR-28-KS-MTP

DERRICK COLEMAN

### ORDER

On September 14, 2020, the Court denied Defendant's Motion for Compassionate Release [92]. First, the Court found that Defendant had not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. The Court noted that "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020). Moreover, "the mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

The Court also found that Defendant had not demonstrated that he would not be a danger to the safety of any other person or to the community if released. The

1

Court noted that Defendant had engaged in substantial drug transactions with a drug trafficking organization responsible for distributing large quantities of methamphetamine in Hattiesburg and Laurel, Mississippi. The Court also recounted Defendant's lengthy criminal history.

On October 5, 2020, Defendant filed a Motion for Reconsideration [60], arguing that the Court erred by failing to consider whether there were "other reasons" to grant his motion for compassionate release. As the Court explained in its previous order, Defendant has the burden of demonstrating that he meets the requirements for release. The Sentencing Commission's guidelines only permit the Court to grant the motion if "extraordinary and compelling reasons warrant the reduction" and "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. Defendant did not carry his burden of satisfying either of these requirements. The Court **denies** Defendant's Motion for Reconsideration [60].

SO ORDERED AND ADJUDGED this 6th day of October, 2020.

      /s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE